# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROGER B. MANUEL,**

        **Plaintiff,**

**-vs-**                                                                     **Case No. 6:06-cv-846-Orl-19KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (Doc. No. 5)
>
> **FILED:** September 11, 2006

**I.    PROCEDURAL HISTORY.**

    Roger B. Manuel filed a Complaint in this Court seeking review of the final decision of the Commissioner of Social Security (Commissioner) denying his application for a period of disability and disability insurance benefits under the Federal Old Age, Survivors and Disability Insurance Program, 42 U.S.C. § 401, *et seq*. Doc. No. 1; *see also* Doc. No. 6-2 ¶ 1. Thereafter, the Commissioner filed the present motion, in which she contends that Manuel did not file his Complaint in this case within sixty days after he received notice of the final decision of the

Commissioner denying his application for benefits. Doc. No. 5. In support of the motion, the Commissioner submitted the Declaration of Patrick J. Herbst, Chief of the Court Case Preparation and Review Branch IV of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration.[1] Doc. No. 5-2 (Herbst Decl.).

On September 20, 2006, Manuel filed an objection to the defendant's motion to dismiss or, in the alternative, motion for summary judgment. Doc. No. 6. In support of his objection, Manuel filed the following documents:

- Declaration of Bradley K. Boyd, doc. no. 6-2 (Boyd Decl.);

- June 7, 2006 letter from Boyd, doc. no. 6-3;

- June 12, 2006 received stamped copy of the Complaint; doc. no. 6-4;

- June 13, 2006 letter from Boyd, doc. no. 6-5; and

- June 22, 2006 received stamped copy of the Complaint, doc. no. 6-6.

The Commissioner relies on evidence outside the pleadings in support of her motion to dismiss or, in the alternative, motion for summary judgment. Hence, on November 8, 2006, I entered an order advising the parties that the Court would treat the motion as a motion for summary judgment and notified the plaintiff that he had the right to submit evidence in support of his response to the motion. Doc. No. 7. Pursuant to that order, Manuel filed the affidavit of his attorney, Bradley K. Boyd. Doc. No. 8 (Boyd Aff.).

---

[1] Two copies of the Herbst Declaration were filed. It appears that they are identical. Additionally, while Herbst's Declaration references exhibits, none were filed.

**II.     STANDARD OF REVIEW.**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  "The party seeking summary judgment bears the initial burden of identifying for the district court those portions of the record 'which it believes demonstrate the absence of a genuine issue of material fact.'" *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1396 (11th Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  Once that showing has been made, the burden shifts to the party opposing the motion to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis omitted).  To meet this burden, the opposing party "may not rest upon the mere allegations or denials of the adverse party's pleading[.]" Fed. R. Civ. P. 56(e).

**III.    STATEMENT OF FACTS.**

Manuel applied for social security benefits.  On December 10, 2004, an administrative law judge issued a decision denying Manuel's claim for benefits.  Herbst Decl. ¶ 3(a). Manuel thereafter requested review of this decision.  On April 10, 2006, the Appeals Council denied Manuel's request for review.  Boyd Decl. ¶ 1.

The Appeals Council mailed its decision to Manuel on April 10, 2006.  Herbst Decl. ¶ 3(a).[2]  The Appeals Council's decision informed Manuel that he had sixty days from the receipt of the letter to file a civil action in this Court.  *Id.*

Subsequently, on June 7, 2006, Manuel's attorney mailed the Complaint and a check for $250.00, along with other documents,[3] to the Clerk of Court.  Doc. No. 6-3.  The Clerk's Office date stamped the Complaint as received on June 12, 2006.  Boyd Decl. ¶ 2; Doc. No. 6-4.  However, as the filing fee had increased to $350.00, the Clerk's Office returned all of the documents back to Manuel.  Boyd Aff. ¶¶ 3, 4.  On June 13, 2006, Manuel sent the Complaint and a check for $350, along with the other documents, to the Clerk's Office.  Boyd Aff. ¶ 5; Doc. No. 6-5.  Upon receipt by the Clerk's Office, the June 12, 2006 received date stamp was crossed off and a June 22, 2006 filed date stamp was added to the document.  Doc. No. 1.

**IV.   ANALYSIS.**

The Commissioner contends that Manuel's Complaint was untimely, as it was filed seventy-three days after the Appeals Council denied Manuel's request for review.  Plaintiff responds that his Complaint was timely, as it was received by the Clerk's Office on June 12, 2006, two days before the sixty-five day filing deadline.

---

[2]   In his declaration, Boyd attests that the Appeals Council mailed the notice of its decision on April 20, 2006.  Boyd Decl. ¶ 1.  This appears to be a typographical error, because Boyd asserts in other papers that the last date to file the Complaint was June 14, 2006.

[3]   Also included in Manuel's mailing was a civil cover sheet, a summons for JoAnn Barnhart, Commissioner of Social Security, a summons for the United States Attorney for the Middle District of Florida, a summons for the Attorney General of the United States, and a self-addressed stamped envelope.  Doc. No. 6-3.

    A. *Applicable Law*.

 The Social Security Act provides that a claimant may obtain judicial review of a final decision by the Commissioner "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The filing deadline is a statute of limitations, barring any late filed claim. *See Bowen v. City of New York*, 476 U.S. 467, 479 (1986). A court, acting in equity, may toll a statute of limitations "only upon finding an inequitable event that prevented plaintiff's timely action." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (internal quotation omitted). "The burden is on the plaintiff to show that equitable tolling is warranted." *Id.*

 The pertinent social security regulation provides that a civil action seeking review of a final decision of the Social Security Administration "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c). The regulation further provides that "the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id*.

      B.     *Whether Manuel's Complaint Was Timely Filed.*

It is undisputed that the deadline for filing Manuel's Complaint was June 14, 2006.[4] Manuel argues that his Complaint was timely filed, as it was received by the Clerk's Office before that date. The Commissioner, however, argues that Manuel's Complaint was not actually filed until June 22, 2006, resulting in it being untimely filed. Therefore, the only issue is whether the Clerk's Office's receipt of the Complaint with the improper filing fee before the filing deadline is sufficient to satisfy the statute of limitations requirement.

The United States Court of Appeals for the Eleventh Circuit considered this issue in *Rogers v. Bowen*, 790 F.2d 1550 (11th Cir. 1986). In that case, the plaintiff filed a Complaint in this Court before the sixty-day filing deadline seeking review of the Social Security Administration's decision, but she did not pay the filing fee.[5] *Id.* at 1551. After the plaintiff paid the filing fee, following the expiration of the sixty-day deadline, the Social Security Administration moved to dismiss the complaint for lack of jurisdiction. *Id.* The Social Security Administration argued that the Court lacked jurisdiction because the complaint was not filed until the filing fee was paid. The Eleventh Circuit rejected that argument, holding that "a complaint is 'filed' for statute of limitation purposes when it is 'in the actual or constructive possession of the

---

[4]     The date of the Appeals Council's denial, April 10, 2006, plus five days for mailing, results in the presumption that the decision was received on April 15, 2006. Adding the sixty days that Manuel had to file his Complaint, not counting the day he received the Appeals Council's denial, brings the date to file to June 14, 2006, which was a business day.

[5]     At the time of filing her complaint, the plaintiff filed an application to proceed *in forma pauperis*, which was later denied. *Rogers*, 790 F.2d at 1551.

clerk,' . . . regardless of the untimely payment of the required filing fee." *Id.* at 1552 (quoting *Leggett v. Strickland*, 640 F.2d 774, 776 (5th Cir. 1981)).

In the present action, the crossed-off date received stamp on Manuel's Complaint confirms that the Clerk's Office first received Manuel's Complaint on June 12, 2006. Accordingly, under the case law discussed herein, the Complaint is recognized as being filed for statute of limitations purposes on that date. Therefore, because the Complaint was filed two days before the statute of limitations expired, Manuel's Complaint was timely.

## V.    RECOMMENDATION.

Based on the foregoing, I respectfully recommend that Defendant's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, doc. no. 5, be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 19, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy